AO 442 (Rev. 01/09) Arrest Warrant

FILED

# UNITED STATES DISTRICT COURT
for the
EASTERN District of PENNSYLVANIA

2012 AUG 23  AM 10: 21

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY: _____

| | |
|---|---|
| United States of America<br>v.<br><br>CARLOS CAMACHO<br>*Defendant* | )<br>)<br>) Case No.  ~~█████~~<br>)<br>) **ED 12-0298M** |

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*   **CARLOS CAMACHO**                                                                             ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment       ✓ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☐ Complaint
☐ Probation Violation Petition       ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

21:846 - CONSPIRACY TO DISTRIBUTE COCAINE
21:841A(a)(1),(b)(1)(A) - DISTRIBUTION OF COCAINE
18:2 - AIDING AND ABETTING

Date:   Aug 22, 2012

*Angela Peso, Deputy Clerk*
*Issuing officer's signature*

City and state:   PHILADELPHIA, PA

MICHAEL E. KUNZ, CLERK OF COURT
*Printed name and title*

---

### Return

This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____
at *(city and state)*   _____ .

Date:   _____

*Arresting officer's signature*

_____
*Printed name and title*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

'12 AUG 23 AM 10:30

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

| UNITED STATES OF AMERICA | : | DATE FILED: _____ BY: _____ |
|---|---|---|
| v. | : | CRIMINAL NO. 12-9 |
| ALEXIS VELAZQUEZ | : | ED12-0298M |
| BERNABE PALAZUELOS-MENDEZ | : | VIOLATIONS: |
| MARVIN VELAZQUEZ | : | 21 U.S.C. § 846 (conspiracy to distribute cocaine - 1 count) |
| BRIAN RODRIGUEZ | : | 21 U.S.C. § 841(a)(1) (possession with intent to distribute cocaine - 1 count) |
| ADRIAN DIAZ, | : | 21 U.S.C. § 841(a)(1) (distribution of cocaine - 1 count) |
| a/k/a "Turi," | : | 18 U.S.C. § 924(c)(1) (possession of a firearm in furtherance of a drug trafficking crime - 1 count) |
| a/k/a "Rayito," | : | 18 U.S.C. § 922(g)(1) (possession of a firearm by a convicted felon - 1 count) |
| CARLOS CAMACHO | : | 18 U.S.C. § 2 (aiding and abetting) Notice of forfeiture |

## SUPERSEDING INDICTMENT

### COUNT ONE

THE GRAND JURY CHARGES THAT:

1. From in or about January, 2012, to on or about February 5, 2012, in the Eastern District of Pennsylvania and elsewhere, defendants

ALEXIS VELAZQUEZ,
BERNABE PALAZUELOS-MENDEZ,
MARVIN VELAZQUEZ,
BRIAN RODRIGUEZ,
ADRIAN DIAZ,
a/k/a "Turi,"
a/k/a "Rayito," and
CARLOS CAMACHO

conspired and agreed, together and with persons known and unknown to the grand jury, to

knowingly and intentionally distribute 5 kilograms or more, that is, approximately 12 kilograms, of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A).

## MANNER AND MEANS

It was part of the conspiracy that:

2. Defendants ALEXIS VELAZQUEZ, BERNABE PALAZUELOS-MENDEZ, MARVIN VELAZQUEZ, BRIAN RODRIGUEZ, ADRIAN DIAZ, and CARLOS CAMACHO, and others known and unknown to the grand jury, worked together to distribute cocaine.

3. Defendants ALEXIS VELAZQUEZ, BERNABE PALAZUELOS-MENDEZ, MARVIN VELAZQUEZ, BRIAN RODRIGUEZ, ADRIAN DIAZ, and CARLOS CAMACHO, and others known and unknown to the grand jury, communicated by cellular telephone to arrange the delivery of cocaine.

## OVERT ACTS

In furtherance of the conspiracy and to accomplish its object, defendants ALEXIS VELAZQUEZ, BERNABE PALAZUELOS-MENDEZ, MARVIN VELAZQUEZ, BRIAN RODRIGUEZ, ADRIAN DIAZ, and CARLOS CAMACHO, and others known and unknown to the grand jury, committed the following overt acts, among others, in the Eastern District of Pennsylvania and elsewhere:

1. In or about late January 2012, defendants ADRIAN DIAZ and CARLOS CAMACHO, and others known and unknown to the grand jury, began making arrangements to transport cocaine from California to Philadelphia, Pennsylvania, and to distribute the cocaine in

Philadelphia.

2. On or about January 23, 2012, defendants ADRIAN DIAZ and CARLOS CAMACHO, and others known and unknown to the grand jury, arranged to have defendant DIAZ travel to Fontana, California to receive cocaine that defendant DIAZ would transport for distribution to Philadelphia. In accordance with these arrangements, defendant DIAZ traveled to Fontana, California, where he received cocaine from persons known to the grand jury. Defendant DIAZ subsequently secreted the cocaine in a tractor trailer vehicle.

3. On or about February 2, 2012, defendant ADRIAN DIAZ began driving the tractor trailer vehicle, containing the cocaine that he had received on January 23, 2012, from California to Philadelphia.

4. On or about February 2, 2012, defendant BERNABE PALAZUELOS-MENDEZ traveled from Mexico to California.

5. On or about February 3, 2012, defendant BERNABE PALAZUELOS-MENDEZ traveled from San Diego, California to Philadelphia. When defendant PALAZUELOS-MENDEZ arrived in Philadelphia, he had telephone contact with defendant MARVIN VELAZQUEZ.

6. On or about February 3, 2012, defendant CARLOS CAMACHO provided defendant ADRIAN DIAZ with a phone number and instructed defendant DIAZ to call the phone number in order to make arrangements for the delivery of the cocaine in Philadelphia.

7. On or about February 4, 2012, defendant ADRIAN DIAZ, calling the phone number provided to him by defendant CARLOS CAMACHO, contacted defendant BERNABE PALAZUELOS-MENDEZ to discuss arrangements for the delivery of cocaine that

3

defendant DIAZ was transporting to Philadelphia. Defendant DIAZ was directed to take the cocaine to 10075 Sandmeyer Lane in Philadelphia.

On or about February 5, 2012:

8. Defendant ADRIAN DIAZ transported the cocaine to 10075 Sandmeyer Lane in Philadelphia, and had telephone contact with defendant BERNABE PALAZUELOS-MENDEZ to discuss the delivery of the cocaine defendant DIAZ was transporting. Shortly thereafter, defendant MARVIN VELAZQUEZ and defendant ALEXIS VELAZQUEZ were in telephone communication, and defendant ALEXIS VELAZQUEZ and defendant BRIAN RODRIGUEZ were in telephone communication.

9. Defendant MARVIN VELAZQUEZ and defendant BERNABE PALAZUELOS-MENDEZ traveled together in a Toyota Corolla vehicle to 10075 Sandmeyer Lane and met with defendant ADRIAN DIAZ.

10. Shortly thereafter, defendant ALEXIS VELAZQUEZ, traveling in a Dodge Durango vehicle, and defendant BRIAN RODRIGUEZ, traveling in a BMW 335 vehicle, arrived at 10075 Sandmeyer Lane and met with defendant MARVIN VELAZQUEZ, defendant BERNABE PALAZUELOS-MENDEZ, and defendant ADRIAN DIAZ.

11. Defendant MARVIN VELAZQUEZ conducted counter-surveillance in an attempt to ensure that the defendants were not being observed.

12. Defendant ADRIAN DIAZ removed 12 brick-like objects, containing a total of approximately 12 kilograms of cocaine, from his tractor trailer, and these brick-like objects were placed in a hidden compartment in defendant ALEXIS VELAZQUEZ's vehicle, a Dodge Durango. Also contained in the hidden compartment in the Dodge Durango was a Glock

4

model 23 .40 caliber handgun, serial number KXH956, loaded with 9 live rounds of ammunition.

13. Defendant BRIAN RODRIGUEZ permitted defendant ADRIAN DIAZ and defendant BERNABE PALAZUELOS-MENDEZ to enter his place of employment, which was located at or near 10075 Sandmeyer Lane, so that they could wash their hands.

14. Defendant ADRIAN DIAZ shook hands with defendants ALEXIS VELAZQUEZ, BERNABE PALAZUELOS-MENDEZ, and BRIAN RODRIGUEZ while defendant MARVIN VELAZQUEZ waited in his Toyota Corolla vehicle.

15. Defendant MARVIN VELAZQUEZ and defendant BERNABE PALAZUELOS-MENDEZ, traveling together in the Toyota Corolla, and defendant ALEXIS VELAZQUEZ, traveling in his Dodge Durango, and defendant BRIAN RODRIGUEZ, traveling in his BMW 335, each left 10075 Sandmeyer Lane and traveled in tandem away from the location. Meanwhile, defendant ADRIAN DIAZ, traveling in the tractor trailer, also left 10075 Sandmeyer Lane but took a different route than the route defendants ALEXIS VELAZQUEZ, MARVIN VELAZQUEZ, PALAZUELOS-MENDEZ, and RODRIGUEZ took.

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

THE GRAND JURY FURTHER CHARGES THAT:

On or about February 5, 2012, in Philadelphia, in the Eastern District of Pennsylvania, defendants

**ADRIAN DIAZ,**
a/k/a "Turi,"
a/k/a "Rayito," and
**CARLOS CAMACHO**

knowingly and intentionally distributed, and aided and abetted the distribution of, 5 kilograms or more, that is, approximately 12 kilograms, of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT THREE

THE GRAND JURY FURTHER CHARGES THAT:

On or about February 5, 2012, in Philadelphia, in the Eastern District of Pennsylvania, defendants

**ALEXIS VELAZQUEZ,
BERNABE PALAZUELOS-MENDEZ,
MARVIN VELAZQUEZ, and
BRIAN RODRIGUEZ**

knowingly and intentionally possessed with intent to distribute, and aided and abetted the possession with intent to distribute of, 5 kilograms or more, that is, approximately 12 kilograms, of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT FOUR

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about February 5, 2012, in Philadelphia, in the Eastern District of Pennsylvania, defendant

### ALEXIS VELAZQUEZ

knowingly possessed a firearm, that is, a Glock model 23 .40 caliber handgun, serial number KXH956, loaded with 9 live rounds of ammunition, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, conspiracy to distribute a controlled substance, in violation of Title 21, United States Code, Section 846, and possession with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

In violation of Title 18, United States Code, Section 924(c)(1).

## COUNT FIVE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about February 5, 2012, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**ALEXIS VELAZQUEZ,**

having been convicted in a court of the Commonwealth of Pennsylvania of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed in and affecting foreign and interstate commerce a firearm, that is, a Glock model 23 .40 caliber handgun, serial number KXH956, loaded with 9 live rounds of ammunition.

In violation of Title 18, United States Code, Section 922(g)(1).

## NOTICE OF FORFEITURE

THE GRAND JURY FURTHER CHARGES THAT:

1. As a result of the violations of Title 21, United States Code, Sections 841(a)(1) and 846 set forth in this indictment, defendants

ALEXIS VELAZQUEZ,
BERNABE PALAZUELOS-MENDEZ,
MARVIN VELAZQUEZ,
BRIAN RODRIGUEZ,
ADRIAN DIAZ,
a/k/a "Turi,"
a/k/a "Rayito," and
CARLOS CAMACHO

shall forfeit to the United States of America:

    (a) any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses, including but not limited to;

        (I) a Glock model 23 .40 caliber handgun, serial number KXH956;

        (ii) nine live rounds of ammunition;

        (iii) a green Dodge Durango, bearing Pennsylvania license plate number HVG-4560;

        (iv) a Toyota Corolla, bearing Pennsylvania license plate number HVR-4424;

        (v) a silver BMW 335 bearing Pennsylvania license plate number GPX-1398; and

        (vi) a Tractor Trailer, consisting of a 1996 Kenworth BTM

Tractor VIN # XKADB9X6TR679281, bearing license plate number VP66504; and a 1995 Strik BTM trailer, VIN # 1S12E9531SE395307, bearing California license plate number 4KZ9933.

    (b)    any property constituting, or derived from, proceeds obtained directly or indirectly from the commission of such offenses.

    2.    If any of the property subject to forfeiture, as a result of any act or omission of the defendants:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the Court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant(s) up to the value of the property subject to forfeiture.

All pursuant to Title 21, United States Code, Section 853.

    3.    As a result of the violations of Title 18, United States Code, Sections 924(c)(1) and 922(g)(1), set forth in this indictment, defendant

**ALEXIS VELAZQUEZ**

shall forfeit to the United States of America the firearms and ammunition involved in the commission of such offenses, including, but not limited to:

    (i)    a Glock model 23 .40 caliber handgun, serial number KXH956;

and

(ii) nine live rounds of ammunition.

All pursuant to Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 924(d).

A TRUE BILL:

_____
GRAND JURY FOREPERSON

*[signature]* for

ZANE DAVID MEMEGER
UNITED STATES ATTORNEY

12